**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES D. HUFF,
Plaintiff-Appellant,

and

BRENDA F. HUFF, his wife,
Plaintiff,

v.

No. 96-1248

J. H. FLETCHER & COMPANY, a
Delaware corporation,
Defendant-Appellee,

and

COMMERCIAL INTERTECH
CORPORATION,
Party in Interest.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CA-94-0878-3)

Argued: March 6, 1997

Decided: May 14, 1997

Before RUSSELL, HALL, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Charles Chambers, BUCCI, CHAMBERS & WILLIS, L.C., Charleston, West Virginia, for Appellant. Michael Joseph Farrell, FARRELL, FARRELL & FARRELL, L.C., Huntington, West Virginia, for Appellee. **ON BRIEF:** Guy R. Bucci, L. Lee Javins, II, BUCCI, CHAMBERS & WILLIS, L.C., Charleston, West Virginia; David B. Rasmussen, MICHIE, HAMLETT, LOWRY, RASMUSSEN & TWEEL, P.C., Charlottesville, Virginia, for Appellant. Charlotte A. Hoffman, Tamela J. White, FARRELL, FARRELL & FARRELL, L.C., Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Huff worked for a coal mining company in Virginia. He operated a piece of equipment called a roof bolter, manufactured by the appellee, J.H. Fletcher and Company ("Fletcher"). A roof bolter drills holes in the top of the mine shaft.[1] Bolts are then inserted to prevent the roof of the shaft from collapsing while the miners get at the coal. Huff was injured when the roof bolter he was operating malfunctioned.

Roof bolters are big, heavy pieces of machinery, controlled by hydraulic systems. A roof bolter has an arm or "boom" that moves both up and down, and sideways, so that the worker can maneuver it into the right position. Because of a malfunction in the internal hydraulic system of the roof bolter, the boom unexpectedly swung sideways at about three times its normal speed, and injured Huff.

_____

[1] "Roof bolter" is also used as a job title, to identify the man who operates the machine.

2

Although Huff continued to work for a few weeks following the accident, he eventually took full disability because of the accident.

The record of evidence revealed that the roof bolter had been acting erratically for several days before Huff's injury; that Huff and other workers had complained to mine management that the machine was malfunctioning; and, that mine repairmen were unsuccessful at diagnosing and fixing the problem. Two days before the accident, Huff's coworkers had warned him to "keep an eye on the drill." On the day before the accident Huff tested the roof bolter. He summoned a mine mechanic, who could neither diagnose nor fix the problem. On the morning of the accident Huff again operated the roof bolter, despite having been warned by the previous shift that the machine was malfunctioning. During his shift, the machine malfunctioned and injured Huff.

Huff sued the manufacturer of the machine in United States District Court in West Virginia, asserting claims of strict liability, breach of warranty and negligence. The district court properly applied Virginia law, because the accident occurred in that state. Fletcher moved for summary judgment, which the district court granted. This appeal followed.

Huff presents three issues in his appeal: (1) the district court misapplied the open and obvious danger defense; (2) the district court misunderstood or took out of context testimony from Huff and other witnesses; and, (3) factual disputes exist which bar granting summary judgment.

We have carefully reviewed the record, the parties' briefs, and heard oral argument in this case. Only one contention requires our attention. When appealing the district court's application of the open and obvious danger rule, Huff points out that between the time of the district court's grant of summary judgment and the filing of the brief in his appeal, the Virginia Supreme Court issued its opinion in Morgen Indus., Inc. v. Vaughan.**2** Huff claims the court rejected the open and obvious danger defense in that case, and that the defense no

_____

**2** 471 S.E.2d 489 (Va. 1996).

longer exists under Virginia law. We find no such statement in Vaughan, nor do we agree that the court's holding abolished the rule.

All other issues raised by Huff are meritless, and have been properly addressed by the district court without error. Accordingly, we affirm the order of the district court.

AFFIRMED

4